ELLIS, Judge:
Addison H. Harelson died testate on May 23, 1972, survived by Elizabeth Jean Harelson, his widow in community, and by a brother and two sisters. His succession was opened, his will admitted to probate, apd City National Bank of Baton Rouge was confirmed as testamentary executor pursuant thereto. Thereafter, an inventory of his estate was made by A. Leon Hebert, Notary Public, and the proces verbal thereof filed in the succession record.
An opposition to the inventory was filed by the brother and sisters of the decedent, claiming that four accounts with various savings and loan associations, listed therein as community property, were actually separate property. Alternatively, they asked that the inventory be amended to show an indebtedness due decedent’s separate estate by the community estate in the amounts of the building and loan accounts. They also disputed a debt shown thereon as being owed by Milton G. Harelson to the decedent, and alternatively claimed an offset in Milton G. Harelson’s favor for services rendered the decedent. After trial the court below found the accounts in question to be community property, deleted from the inventory the debt allegedly due by Milton G. Harelson to the decedent, and denied with prejudice the other claims of the mov-ants, and movants have appealed.
In this court, movants now argue only that the inventory should be amended so as to show the indebtedness by the community estate to decedent’s separate estate. It was conceded in argument that the various building and loan accounts properly form part of the community estate.
We now find we are unable to consider the point raised by counsel in the present procedural posture of the case, which is before us on a motion to traverse the inventory.
Under Article 3133 of the Code of Civil Procedure, the proces verbal of the inventory is to contain:
“(4) An adequate description of each item of property belonging to the estate and found in the parish where the inventory was taken, and the fair market value thereof estimated by the appraisers;
“(5) An adequate description of all of the titles, account books, and written evidences of indebtedness due the estate, found during the taking of the inventory, and the amounts of the indebtedness, and the name, surname, and address of each debtor, as shown therein;
“(6) An adequate description of any property owned in whole or in part by third persons, or claimed by third persons as having been left on loan, deposit, consignment, or otherwise; and
“(7) A recapitulation of the aggregate value of all movable property, the aggregate value of all immovable property, and the total value of all property owned by the estate.”
The question of a debt due by the community estate to the separate estate of the decedent is not one which could or should be determined by the notary, nor does the law require that such matters be included in the inventory. The question presented is one which relates to the ultimate distribution of the estate, as shown on the final account and final tableau of distribution to be filed by the executor after all debts and charges of succession have been paid, and it is known what will be available for distribution to the heirs and *189 legatees. Any difference of opinion which arises at that time should be tried contradictorily with the executor, in the form of oppositions to the tableau or the account. Any opinion we might render at this point would be advisory, which is not permissible under the law.
Additionally, we note that there are questions of interpretation to be raised relative to the dispositions of the will, and we think it better that all substantive questions be decided at one time, rather than to have a series of piecemeal determinations of the issues in the case.
The judgment appealed from is therefore affirmed insofar as it declares the building and loan accounts to be community property and deletes the indebtedness allegedly due by Milton H. Harelson to the decedent. In all other respects, it is set aside, and the case is remanded to the trial court for further proceedings in accordance with law. All costs of this appeal are to be paid by movants, and all other costs shall await final determination of the case on its merits.
Affirmed in part and remanded.